UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
YENSY CONTRERAS, Individually, and On     :
Behalf of All Others Similarly Situated,      :    Case No.: 21-cv-09096-VSB
                                         :
               Plaintiff,         :
                                         :
             v.               :
                                         :
TD ASSOCIATES, LLC,           :
                                         :
             Defendant.       :
--------------------------------------------------------------x

### Defendant's Reply Brief in Support
### Of its Motion to Dismiss

**Introduction.** Defendant TD Associates, LLC (TackleDirect) filed a motion to dismiss (Motion) the First Amended Complaint (FAC) for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. ECF No. 25. Plaintiff Yensy Contreras filed an opposition to this motion (Opp.). ECF No. 29. TackleDirect files this reply in response.

Plaintiff's theme is that because several judges in this district have ruled in favor of plaintiffs on similar motions, this Court is obligated to do the same. This argument not only ignores the numerous contrary rulings in this district (and elsewhere) cited in the Motion, it is wrong as a matter of law. "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camerta v. Greene*, 563 U.S. 692, 709 (2011) (quotation omitted). "District court decisions … create no rule of law binding on other courts." *ATSI Comms., Inc. v. Shaar Fund, Ltd.*, 547 F.3d 109, 112 (2d Cir. 2008) (cleaned up). This Court instead will determine which cases in this district and elsewhere it finds most persuasive.

Plaintiff also argues that it is somehow improper for TackleDirect to point out that Plaintiff has filed 146 virtually identical cases since November 2021, and that his counsel has filed hundreds of these cases. Opp. 1 n.1. But *Plaintiff's* authorities explain why this serial litigation is relevant:

> But the greatest asset of copy-and-paste litigation can also be its greatest weakness. And here, that weakness is fully on display; by failing to allege any nonconclusory facts of a real or immediate threat of injury, Plaintiff lacks standing to pursue injunctive relief under the ADA.

*Dominguez v. Banana Republic LLC*, 2020 WL 1950496, *4 (S.D.N.Y. Apr. 23, 2020) (dismissing ADA claim) (Opp. 23). Likewise, a default judgment cited by *Plaintiff* explains why defendants rarely, if ever, litigate beyond the motion to dismiss stage. In *Winegard v. Crain Comms., Inc.*, 2021 WL 1198960 (S.D.N.Y. Mar. 30, 2021) (Opp. 23), a *defaulting* defendant was ordered to pay only $4,592.50. Conversely, we have been unable to locate any ADA website case in which a motion to dismiss was granted and the plaintiff took an appeal to the Second Circuit. Plaintiff's litigation is predicated on prevailing on a motion to dismiss.

**No Standing.** TackleDirect seeks to dismiss this case for lack of standing. *See* Motion 5–11. Plaintiff does not distinguish the standing cases from the Second Circuit or this district cited in the Motion. Instead, Plaintiff heavily relies upon cases that do not involve standing (*Jaquez v. Dermapoint, Inc.*, 2021 WL 2012512 (S.D.N.Y. May 20, 2021) (Opp. 12); *Sullivan v. Study.com LLC,* 2019 WL 1299966 (S.D.N.Y. Mar. 21, 2019) (Opp. 17)); and unreported oral rulings (*Romero v. Adagio Teas, Inc.* (Opp. 9, 12); *Sanchez v. Welcome Skateboards, Inc.* (Opp. 9)).

Plaintiff's citation to a written standing opinion, *Camacho v. Vanderbilt Univ.*, 2019 WL 6528974 (S.D.N.Y. Dec. 4, 2019) (Opp. 13–14), illustrates how short Plaintiff has fallen. In that case, the plaintiff alleged that he was unable to access a feature on the website to obtain curriculum information and calculate how much it might cost to go to Vanderbilt, and that he had attended a college fair which included Vanderbilt. *See also Jaquez v. Aqua Carpatica USA, Inc.*, 2021 WL

2

3727094, *4 (S.D.N.Y. Aug. 20, 2021) (distinguishing *Camacho* and dismissing ADA website claim by same plaintiff on standing grounds).

In contrast here, Plaintiff never alleges in the First Amended Complaint how the supposed barriers prevented him from accessing the website, and never confronts the fact that TackleDirect immediately attempted to address each and every one alleged barrier asserted by Plaintiff. *See* Motion 6–9. Instead, Plaintiff offers a declaration from a purported expert that describes entirely different issues which are not mentioned in the First Amended Complaint, and neither supports the claims that actually were made in the First Amended Complaint, nor responds at all to TackleDirect's immediate efforts to address Plaintiff's alleged concerns. *See* Opp. 16–18. On this record, TackleDirect immediately addressed, and resolved, every barrier claimed by Plaintiff.

Even if Plaintiff adequately alleged an injury and a likelihood of future harm, courts most often have found standing lacking based on the third requirement, namely, an intent to return. In contrast to *Quezada v. U.S. Wings, Inc.*, 2021 WL 5827437 (S.D.N.Y. Dec. 7, 2021) (Opp. 14–15), in which a bare allegation that the plaintiff intended to visit the website again was deemed sufficient, we think the more nuanced rulings from this and other courts better satisfy the higher standard required by the Second Circuit: "Intent to return is a 'highly fact-sensitive inquiry.'" *Dominguez v. Grand Lux Café LLC*, 2020 WL 3440788, *3 (S.D.N.Y. June 22, 2020) (quoting *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015)) (other citation omitted); *see also* Motion 9–10 (collecting cases). Plaintiff does not allege that he is a fervent fisherman, or that he has any alleged interest in anything other than a single product that he—like sighted customers—could order today through TackleDirect's toll-free number. Plaintiff lacks standing.

**No Personal Jurisdiction.** TackleDirect seeks to dismiss this case for lack of personal jurisdiction. *See* Motion 11–16. Plaintiff does not—and cannot—dispute any of the jurisdictional

facts asserted by TackleDirect, including the fact that TackleDirect does not target its website to New York. ECF No. 20 (Thomas Gill Declaration (Dec.) ¶ 9). Plaintiff's argument is that because the website is visible in New York, and because TackleDirect sells products to New York residents, this Court has jurisdiction over a claim that the website is inaccessible. *See* Opp. 18–20; *see also Paguada v. Work Warm, LLC*, No. 1:22-cv-01289-VSB, ECF No. 1, ¶¶ 11–12 (S.D.N.Y. Feb. 15, 2022) (venue proper, in part, because the plaintiff, a resident of Queens, "attempted to utilize the website in this District") (same plaintiff's counsel). Plaintiff's limitless view of personal jurisdiction for websites cannot be reconciled with controlling precedent.

Plaintiff does not cite any Supreme Court personal jurisdiction caselaw, and the only Second Circuit case cited, *Best Van Lines, Inc. v. Walker,* 490 F.3d 239 (2d Cir. 2007) (Opp. 18), instead supports TackleDirect's motion. *See* Motion 12–13. As that case makes plain, "New York courts define transacting business as purposeful activity—some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." 490 F.3d at 246 (cleaned up) (citations omitted). Because Plaintiff does not dispute that TackleDirect does not aim its website at New York (or indeed, take any other actions to aim its business activities at New York, *see* Gill Dec. ¶¶ 9–15), it has not engaged in the "purposeful activity" necessary to subject it to suit concerning its website under New York's long arm statute.

The suggestion that selling products through its website to New York residents opens TackleDirect up to claims not only about the products it sells, but also to the operation of the website itself, runs into the brick wall of Supreme Court jurisprudence. To repeat, "[w]hat is needed—and what is missing here—is a connection between the forum and the *specific* claims at issue." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) (emphasis

added). "[F]or a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy.... When there is no such connection, specific jurisdiction is lacking *regardless of the extent of a defendant's unconnected activities in the State.*" *Id.* (ellipsis and emphasis added by court). For a claim about its website, it does not matter one bit that TackleDirect sells products to New York residents. Furthermore, as explained in the Motion, and not addressed at all by Plaintiff, the notion that a company could be sued anywhere its website is visible would gut the distinction between general and specific jurisdiction, and thus would violate due process. *See* Motion 16. This Court lacks personal jurisdiction over TackleDirect.

**No Requested Accommodation.** TackleDirect seeks to dismiss this case for failure to state a claim because Plaintiff never requested an accommodation, and TackleDirect never refused a reasonable accommodation. *See* Motion 17–18. Indeed, Plaintiff's failure to contact TackleDirect to say that he was having any difficulty accessing the website underscores the emptiness of this litigation—companies like TackleDirect want to accommodate their customers because it is good for business, but if plaintiffs had to request and be refused a reasonable accommodation before filing suit, that would largely eviscerate this type of litigation.

In any event, Plaintiff does *not* dispute that he never sought an accommodation or that TackleDirect never refused him a reasonable accommodation. Instead, Plaintiff claims in response that his complaint is satisfactory because he has also asserted "intentional discrimination (disparate treatment)" and "disparate impact" discrimination, pointing only to paragraphs 40–41 of the First Amended Complaint. *See* Opp. 20–21. These paragraphs do not come close to alleging such discrimination:

> 40.     Under 42 U.S.C. § 12182(b)(1)(A)(i), it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in – or benefit from – the products, services, facilities, privileges, advantages, or accommodations of an entity.

> 41.    Under 42 U.S.C. § 12182(b)(1)(A)(ii), it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

FAC ¶¶ 40–41.

Suffice it to say, those two paragraphs suffer from all of the problems the Supreme Court identified in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaints must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements") (citations omitted). Not only do these paragraphs simply cite the statute, they do not say *anything* about what TackleDirect did, much less how such conduct plausibly suggests TackleDirect engaged in intentional or disparate impact discrimination. *Cf. Smith v. NYCHA*, 410 F. App'x. 404, 406 (2d Cir. 2011) (plaintiff failed to allege that discriminatory animus was a factor, "much less a significant factor," in intentional disability discrimination case); *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 573 (2d Cir. 2003) (plaintiff must establish a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices in disparate impact disability discrimination case) (superseded on other grounds by regulation). Despite two opportunities, Plaintiff still has not alleged even the barebones requirements to assert an ADA claim.

**No Place of Public Accommodation.** TackleDirect seeks to dismiss this case for failure to state a claim because a website is not a place of public accommodation. *See* Motion 18–22. We again direct the Court's attention to the thoughtful and comprehensive decision in *Winegard v. Newsday*, 2021 WL 3617522 (E.D.N.Y. Aug. 16, 2021), which analyzes the statutory language and legislative history to conclude that a website is not a place of public accommodation.

Before turning to Plaintiff's principal authority, we note that his other authorities are thin reeds to support the counter-intuitive conclusion that a website is either a "place" or a "public accommodation." Most of them, as well as Plaintiff's Opposition, *see* Opp. 21, trace that conclusion back to *Pallozzi v. Allstate Life Insurance Co.*, 198 F.3d 28 (2d Cir. 1999), which the *Newsday* court explains is misplaced. *See* Motion 21–22. On their own terms, Plaintiff's authorities cannot support the weight placed upon them:

- *Lopez v. Arby's Franchisor, LLC,* 2021 WL 878735 (S.D.N.Y. Mar. 8, 2021) (Opp. 23). Although Plaintiff claims that this was this Court's "holding," this is *dicta* in a case in which this Court ruled that gift cards were *not* places of public accommodation.
- *Dominguez v. Banana Republic LLC*, 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020) (Opp. 23). This is *dicta* in a case in which the court ruled that gift cards were *not* places of public accommodation.
- *Winegard v. Crain Comms., Inc.*, 2021 WL 1198960 (S.D.N.Y. Mar. 30, 2021) (Opp. 23). This was a single line in a default judgment in which the defendant did not contest this (or any other) issue.
- *Jaquez v. Dermapoint, Inc*., 2021 WL 2012512 (S.D.N.Y. May 20, 2021) (Opp. 23). This is an unreported, oral ruling in which the court noted other courts have found that websites are places of public accommodation.
- *Paguada v. Athena Allergy, Inc.,* No. 1:2-cv-001245 (KFP) (S.D.N.Y. Feb. 22, 2022) (Opp. 23). This is an unreported, oral ruling that simply repeats the conclusion that the same judge had reached in other cases.
- *Doe v. Mutual of Omaha Ins. Co.,* 528 U.S. 1106 (2000) (Opp. 24). This was only a denial of a writ of certiorari. *See Foster v. Florida*, 537 U.S. 990 (2002) (Stevens, J.) ("I think it appropriate once again to emphasize that the denial of a petition for a writ of certiorari does not constitute a ruling on the merits.") (citations omitted).
- Albeit more extensive, *Del-Orden v. Bonobos, Inc.*, 2017 WL 6547902 (S.D.N.Y. Dec. 20, 2017) (Opp. 23), did not have the benefit of the more recent, carefully reasoned, contrary decisions cited in the Motion, and thus relies heavily on *Pallozzi*, and the court's view of the statute's purpose, legislative history, and context instead of its express language. *Compare id*. at *5, 7–9 *with* Motion 18–20 (collecting cases).

Plaintiff primarily relies upon *Romero v. 88 Acres Foods, Inc*., 2022 WL 158686 (S.D.N.Y. Jan. 18, 2022) (same plaintiff's counsel). Opp. 22. Although the court did not find persuasive the court's reasoning in *Winegard v. Newsday*, 2021 WL 3617522 (E.D.N.Y. Aug. 16, 2021), or any of the contrary decisions in this district or a majority of the Circuits, *see 88 Acres Foods*, 2022 WL

158686, at *5–6, this Court obviously will make its own assessment. The court acknowledged that the statute "is silent as to websites." *Id.* at *6. Rather than confine itself to the language of the statute, the court instead substituted its view of the statute's purpose, legislative history, and context. *Id.*

In looking at the statutory list of "public accommodations," the court focused first on "travel services," *id.*, but the *Newsday* court explained that the other 49 examples are all physical locations, and the context indicates that would be true for travel services as well. *See Newsday*, 2021 WL 3617522, at *3 & n.1. The court further looked to "bakeries, grocery stores, clothing stores ... or other sales or rental establishments*,*" which "could be interpreted to be limited to brick-and-mortar locations," but that "would lead to an absurd result." *88 Acres Foods*, 2022 WL 158686, at *7 (cleaned up) (citation omitted). As *Newsday* court explained, this is scarcely absurd because "there were countless other types of businesses operating outside of brick-and-mortar premises in 1990, including some that had been in operation for decades," and Congress did not amend the statute in 2008 to include non-physical locations long after the online shopping became a multibillion-dollar enterprise. *Newsday*, 2021 WL 3617522, at *4 & n.11.

In the end, the dispute is over the language of the statute that Congress actually did write versus the language some courts think Congress should have written. Unless and until Congress changes the law, a website is not a place of public accommodation.

**Supplemental Jurisdiction.** If the Court dismisses Plaintiff's ADA claim for failure to assert a federal claim, TackleDirect urges this Court to decline supplemental jurisdiction over Plaintiff's state and local claims. *See* Motion 22. This Court previously held that this ordinarily is the proper approach. *Arby's,* 2021 WL 878735, at *7. Plaintiff's contrary authority is inapposite— the court there exercised supplemental jurisdiction over a counterclaim because "[a] court 'shall'

exercise supplemental jurisdiction if a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy." *Bullard v. Drug Policy Alliance*, 2019 WL 7291226, *7 (S.D.N.Y. Dec. 30, 2019) (citations omitted) (Opp. 25). Once again, Plaintiff's arguments fall short. The Court should decline supplemental jurisdiction.

Defendant respectfully requests that its motion to dismiss be granted.

Dated:  March 11, 2022                              /s/ Raina M. Pitts
                                                   Frederick P. Galin
                                                   Raina M. Pitts
                                                   gallin@methwerb.com
                                                   pitts@methwerb.com
                                                   Methfessel & Werbel, P.C.
                                                   2025 Lincoln Hwy., Suite 600
                                                   Edison, NJ 08818
                                                   (732) 248-4200

                                                   Peter J. Brann
                                                   Hannah L. Wurgaft
                                                   pbrann@brannlaw.com
                                                   hwurgaft@brannlaw.com
                                                   Brann & Isaacson
                                                   184 Main Street, 4th Floor
                                                   Lewiston, ME  04243-3070
                                                   (207) 786-3566

                                                   *Attorneys for Defendant*