# Frankfurt Kurnit Klein + Selz PC

**Nicole I. Hyland**
28 Liberty Street, New York, New York 10005
T (212) 826-5552    F (347) 438-2140
nhyland@fkks.com

December 1, 2022

**VIA ECF**

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

        RE:    *Contreras v. TD Associates, LLC*, **Case No. 1:21-cv-9096-VSB**
                **Evidentiary Objections re Brann Declarations**

Dear Judge Broderick:

      I represent Mizrahi Kroub LLP as Professional Responsibility Counsel for the limited purpose of responding to Defendant's Motion for Attorneys' Fees and Sanctions (Dkt. 33) (the "Motion"). In support of the Motion, Defendant submitted an August 25, 2022 Declaration of Peter J. Brann (the "8/25 Brann Decl.") and a November 15, 2022 Supplemental Declaration of Peter J. Brann (the "11/15 Supp. Brann Decl." – together with the 8/25 Brann Decl., the "Brann Declarations"). (Dkts. 35, 48). The Brann Declarations are replete with irrelevant allegations, unsubstantiated speculation, and inadmissible hearsay. Mr. Brann appears to have spent countless hours trawling the court dockets, reviewing hundreds of case records, and purportedly interrogating dozens of defense lawyers in order to construct a false narrative regarding Mizrahi Kroub's litigation practice. Mr. Bann repeatedly chooses to draw the worst possible inferences from the most benign set of facts. It is evident that he is engaged in a personal vendetta against Mizrahi Kroub, which is unbecoming of an officer of the Court. As noted in our Opposition, Defendant's Motion is based almost entirely on irrelevant allegations regarding other unrelated cases. In addition, most of the so-called evidence submitted in support of the Motion is inadmissible. Accordingly, Mizrahi Kroub objects to portions of the Brann Declarations and asks that they be excluded on the grounds of relevance (FRE 402, 403), inadmissible hearsay (FRE 801), speculation (FRE 701), and lack of personal knowledge (FRE 602).[1]

---

[1] We previously asserted evidentiary objections to the 8/25 Brann Declaration in our Opposition. *See, e.g.*, Dkt. 42 at 8-9, 15-16, 19, 21-22. This letter is intended to provide sufficient specificity for the Court to make a ruling on our evidentiary objections. For the sake of efficiency, we are submitting a single letter

In addition to these evidentiary issues, the 11/15 Supp. Brann Decl. introduces new allegations on reply, which were not included in the original Motion and contains statements that are false or misleading. Assuming these allegations are not excluded for the evidentiary grounds discussed below, Mizrahi Kroub respectfully requests an opportunity to submit a surreply addressing these new allegations and correcting the inaccuracies.

## Lack of Relevance (FRE 402, 403, 404)

Defendant has the burden to establish the relevance of any evidence it seeks to introduce. *See United States v. Malka*, No. S319-CR-497, 2022 WL 1488568, at *7 (S.D.N.Y. May 11, 2022). For evidence to be relevant, it must be "of consequence in determining" the issues before the Court. *Id.* In addition, the evidence must have "a tendency to make a fact more or less probable than it would be without the evidence. *Thompson v. Spota*, No. 14-CV-02473, 2022 WL 17253464, at *2 (E.D.N.Y. Nov. 28, 2022). As discussed in our Opposition (and as Defendant acknowledges in its Motion), other cases filed by the Plaintiff and/or Plaintiff's counsel are irrelevant in assessing sanctions under Section 1927. (Dkt. 42 at 20). In addition, Mr. Brann's so-called facts concerning other cases are largely the product of speculation and hearsay (as discussed further below). Thus, the allegations regarding other cases fail to meet the standard for relevant evidence under FRE 402. Even if such allegations were arguably relevant, their limited probative value is outweighed by the waste of time and undue delay they would cause (and, indeed, have already caused). *Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.*, No. 11CV6201 DLC, 2015 WL 685153, at *4 (S.D.N.Y. Feb. 18, 2015) (excluding evidence under FRE 403); *see also Thompson*, 2022, WL 17253464 at *4 (evidence regarding prior litigations inadmissible under FRE 404(b) to prove actions on a particular occasion).

For these reasons, Mizrahi Kroub objects to following paragraphs of the Brann Declarations and asks that they be excluded on the grounds of relevance, because they relate to cases other than this Action: **8/25 Brann Decl. Paras 5-33; 11/15 Brann Supp. Decl. Paras 3, 5-7, 9-42**.

## Speculation (FRE 701); Hearsay (FRE 801); Lack of Personal Knowledge (FRE 602)

Substantial portions of the Brann Declarations consist of unsupported speculation based on a lack of personal knowledge as well as inadmissible hearsay. For those reasons, the paragraphs identified below are inadmissible and should be excluded.[2] *See, e.g.*, *Hester v. BIC Corp.*, 225 F.3d 178, 185 (2d Cir. 2000) (speculation regarding another party's motivations and

---

with respect to both of the Brann Declarations, rather than filing two separate letters. Accordingly, in order to address the evidentiary deficiencies in sufficient detail in a single document, we respectfully request leave to submit a letter in excess of the three-page limit. Alternatively, if the Court prefers that we submit a formal motion to strike, we are prepared to do so.

[2] Due to space limitations, we have not quoted the relevant paragraphs in full. For avoidance of doubt, we move to strike the entirety of the referenced paragraphs, unless otherwise specified.

intentions is inadmissible); *see also Agric. Ins. Co. v. Ace Hardware Corp.*, 214 F. Supp. 2d 413, 416 (S.D.N.Y. 2002) (excluding as hearsay under FRE 801 testimony of individual who was not an eyewitness to relevant events but relied on the statements of others).

### A. The 8/25 Brann Declaration:

- Para. 3: "Based on the procedural history . . . .*the conclusion is inescapable* that this and other lawsuits were filed not to litigate the merits . . . . but rather to extract quick settlements based on the cost of litigation." (Emphasis added). **Speculation; lack of personal knowledge.**

- Para. 7: "On behalf of the Tack Room, I drafted a letter motion . . . to encourage the Court to consider . . . the arguments we had submitted on behalf of the Tack Room that *apparently had persuaded* the plaintiff's counsel to drop the case against Tack Room." (Emphasis added). **Speculation; lack of personal knowledge**.

- Para. 9: "In other words . . . the plaintiff's counsel chose to dismiss the case when faced with litigating the merits." **Speculation; lack of personal knowledge.**

- Para. 10: 2nd sentence: "I found that virtually every case has been dismissed . . . usually when faced with the prospect of actually litigating the merits." **Speculation; lack of personal knowledge.**

- Para. 12: 2nd and 3rd sentences: "*In my experience* . . . these types of cases are settled for less than the cost of litigation . . . . . Thus, for sound business reasons, *most defendants will choose* to settle these cases regardless of the merits." (Emphasis added). **Speculation; lack of personal knowledge.**

- Para. 13: "For defendants that did not settle immediately . . . an *unmistakable pattern emerges* of the plaintiff's counsel taking steps to avoid litigation on the merits." (Emphasis added). **Speculation; lack of personal knowledge.**

- Para. 14: 2nd sentence. "For defendants that filed a motion to dismiss and did not settle, . . . Plaintiff *appeared to* voluntarily dismiss the case each time before the court could rule on the motion to dismiss." (Citing cases) **Speculation; lack of personal knowledge.**

- Para. 17: "*There is no indication* of any discovery dispute in any of these 146 cases. . . . *I have not found any indication* that the plaintiff's counsel ever engaged in any discovery in any cases brought on behalf of this or any other plaintiff." (Emphasis added). **Speculation; lack of personal knowledge.**

- Para. 22: "Other than a couple of settlements that were fashioned as consent orders because that was the format *some defense counsel have told me they prefer, I did not see*

Honorable Vernon S. Broderick
December 1, 2022
Page 4

> any case in which final judgment was entered in favor of, or any relief was awarded to, Plaintiff." (Emphasis added). **Hearsay; speculation; lack of personal knowledge**.

- Para. 24: "Although *I did not verify it myself, I am aware that legal blogs have reported* that the plaintiff's counsel have filed more website accessibility cases in this district than any other law firm, and that more website accessibility cases are filed in New York by various counsel than in any other state." (Emphasis added; citing to online blog posts). **Hearsay; speculation; lack of personal knowledge.**

- Para. 26: "I *also communicated with several dozen of the counsel* who most frequently represent defendants in these cases . . . . *No one indicated* that the plaintiff's counsel had actually litigated the cases . . . which was consistent with my experience and my review of cases filed by the plaintiff's counsel." (Emphasis added). **Hearsay; speculation; lack of personal knowledge.**

- Para. 27: "Additionally, I wrote to plaintiff's counsel, told them *my general conclusion* that they had never litigated the merits of any of these website accessibility cases . . . . The *plaintiff's counsel did not identify a single case that contradicted my conclusion* that they had never litigated any of these cases or that they had never taken any of the actions identified above." (Emphasis added). **Speculation; lack of personal knowledge.**

- Para. 28: "Unlike the recent gift card accessibility cases . . . I did not locate a single case in which the plaintiff took an appeal to the Second Circuit. This *enables the losing plaintiff* . . . to continue to pursue hundreds of these website accessibility cases without the risk of the Second Circuit joining other circuits to *kill the proverbial goose that is laying the golden egg*." (Emphasis added). **Speculation; lack of personal knowledge.**

- Para. 36: "In a number of cases filed by the plaintiff's counsel .. . plaintiff chose to dismiss the case rather than allow the motion be decided by the court. [citing cases and repeatedly drawing inferences "according to the defendant's counsel"]. Because these are the only cases *that defense counsel have told me about*, "*I assume that there are additional examples of which I am unaware*." (Emphasis added). **Hearsay; speculation; lack of personal knowledge.**

- Paras. 37-38: "Other than the *Zip Top* case. . . *I did not locate*, and neither *other defendants' counsel* nor the plaintiff's counsel pointed me to, any cases . . . in which the plaintiff sought any discovery from the defendant" or "responded to any written or oral discovery." (Emphasis added). **Hearsay; speculation; lack of personal knowledge.**

- Para. 39: "On the contrary, *according to defendants' counsel* . . . the plaintiff dismissed the case rather than respond to discovery." (Emphasis added). **Hearsay; speculation; lack of personal knowledge.**

Honorable Vernon S. Broderick
December 1, 2022
Page 5

- Para. 40: "In *discussions with counsel for other defendants* . . . other plaintiffs represented by plaintiff's counsel have dismissed the case once defendant's counsel made plain that the defendant intended to fight the lawsuit rather than capitulate." (Emphasis added).  **Hearsay; speculation; lack of personal knowledge.**

- Para. 41:  "Perhaps the poster child of plaintiff's counsel's unwillingness to litigate the merits . . . . *[A]ccording to defendant's counsel* . . . . . In other words, even when a court *denied* a motion to dismiss, if the defendant was prepared to litigate the case on the merits, the plaintiff's counsel instead would abandon the lawsuit." (Emphasis added). **Hearsay; speculation; lack of personal knowledge.**

- Para. 42: "The procedural history . . . and the *experience of several dozen other defendants' counsel* . . . all lead inexorably to the conclusion that Plaintiff Yensy Contreras had no intention of litigating the merits of any alleged inaccessibility of TackleDirect's website, and that this lawsuit was simply an empty vehicle to extract a quick settlement."  **Hearsay; speculation; lack of personal knowledge.**

B. **The 11/15 Supplemental. Brann Declaration:**

- Para. 5, 2nd and 3rd sentences:  "Because dismissals for lack of Article III standing are required to be without prejudice, it *does not make any sense* that Plaintiff decided to dismiss . . . with prejudice based on *Calcano*.  In any event, Plaintiff's counsel effectively concedes that *he did nothing in response* to *Calcano* in the vast majority of Plaintiff's 146 cases."  (Emphasis added).  **Speculation; lack of personal knowledge; false assertion on reply.**

- Para. 6: "In most of Plaintiff's cases, *it was business as usual* following *Calcano*. . . . Plaintiff …. continued to *extract what appears* to be cost-of-litigation settlements from defendants."  (Emphasis added).  **Speculation; no personal knowledge; false assertion on reply.**

- Para. 7: "In addition to many cases that were dismissed following *Calcano* with no mention of settlement – but *presumably were not dismissed* based on *Calcano*. . . . numerous cases dismissed after June 2, 2022, expressly stated that they were being dismissed pursuant to a settlement. . . . . Plaintiff's counsel dismissed these cases pursuant to a settlement notwithstanding the fact that the court *may had [sic] not have had* subject matter jurisdiction under *Calcano*."  (Emphasis added). **Speculation; no personal knowledge.**

- Para. 9: "Furthermore, Plaintiff's counsel continued to litigate these types of cases as if *Calcano* had never been decided . . . ." **Speculation; no personal knowledge; false assertion on reply.**

Honorable Vernon S. Broderick
December 1, 2022
Page 6

- Para. 11: "Plaintiff's counsel's assertion that *Calcano* altered the legal landscape rings hollow in light of their subsequent action, or, more accurately, inaction." **Speculation; no personal knowledge; false assertion on reply.**

- Para. 12: "*Most defendants apparently made the same cost-benefit calculation* to settle . . . . Substantially all of the 217 lawsuits . . . were dismissed quickly, which, *in my experience, is the hallmark of quick cost-of-litigation settlements*." (Emphasis added). **Speculation; no personal knowledge**.

- Para. 14: "Although *Calcano* made it imperative for Plaintiff and his counsel to dismiss . . . it did not change the dynamics of this type of litigation – file numerous Mad-Libs-style complaints *with no intention of litigating them in order to extract quick, cost-of-litigation settlements*." (Emphasis added). *Speculation; no personal knowledge*.

- Para. 15: "Without revealing my communications with Plaintiffs' counsel, which I treat as confidential under Fed. R. Evid. 408, *I can say that I have been told by non-lawyers* who have spoken with Plaintiff's counsel after their companies have been sued . . . that they 'typically' or 'usually' settle these types of cases for $20,000 to $30,000. Given that this is substantially less than the cost of litigating these types of claims, *it is no wonder that most defendants choose to settle,* or, *in the words of Plaintiff's counsel, are 'intimidated' into settling*." **Hearsay; speculation; no personal knowledge; false assertion on reply**.

- Para. 18: "Although Plaintiff's counsel quibbles with some of the details, he does not dispute the broad narrative in my prior narrative . . . ." **False assertion on reply.**

- Para. 19: "[*S]ome defendants' counsel prefer* to settle using this format on the theory that it may *prevent some other opportunistic plaintiff* from filing a copycat lawsuit to seek a similar quick settlement." (Emphasis added). **Hearsay; speculation; no personal knowledge.**

- Para. 20: "Although the threat of a class action *may induce defendants to settle*, the fact that it is an empty threat is something *the Court should consider* in evaluating whether Plaintiff filed a baseless claim in this case." (Emphasis added). **Speculation (and inviting the Court to join in that speculation); no personal knowledge.**

- Para. 21: "[T]he settlement demands of Plaintiff's counsel are not based on attorneys' fees actually incurred by plaintiffs, but instead are based on the amount of attorneys' fees avoided by defendants." **Speculation; no personal knowledge.**

- Para. 22: "[T]hese cases are *only* concerned with recovery money for alleged attorneys' fees form defendants. . . . *[P]resumably* the ability to receive fulsome, non-monetary injunctive relief only increases in cases in which the defendant defaults. . . . Plaintiff's

Honorable Vernon S. Broderick
December 1, 2022
Page 7

> counsel says the quiet part out loud – these cases are only worth bringing insofar as they recover purported attorneys' fees . . . ." **Speculation; no personal knowledge; false assertion on reply.**

- Para. 25: "The Court properly could be skeptical that *Calcano* had anything to do with the dismissal of these three cases." (Emphasis added). **Speculation (and inviting the Court to join in that speculation); no personal knowledge**.

- Para. 26: "The final dismissal cited by Plaintiff's counsel . . . *is even less likely* to be based on *Calcano*. . . . [W]hen faced with actually litigating a case . . . . Plaintiff's counsel chose to walk away." (Emphasis added). **Speculation; no personal knowledge.**

- Para. 27: *"[I]t is safe to say* that many, if not most, defendants will agree to settle even meritless claims for less than cost-of-litigation. . . . I was unaware of the extensive facts and statistics I later learned . . . demonstrating that *Plaintiff's counsel has no intention of litigating these claims*." (Emphasis added). **Speculation; no personal knowledge.**

- Para. 28: "Plaintiff's counsel failure to identify [to Mr. Brann] any such cases [in which Plaintiff's counsel had served discovery] *reinforced my belief that there were no other cases in which they conducted any discovery*." (Emphasis added). *Speculation; no personal knowledge.*

- Para. 29: "I was contacted by the principal of Electric Bike Technologies, Inc., *who informed me* . . . . Plaintiff's counsel had informed the Court that the case had been settled, *which was untrue*. . . . Once again, faced with actual litigation, Plaintiff's counsel *chose to walk away empty-handed*." (Emphasis added). **Hearsay; speculation; no personal knowledge; false assertion on reply**.[3]

- Para. 30: "I did not see any sign of any discovery or discovery dispute in the Pacer reports. . . . *No other defense counsel told me* that they have been served with such discovery by Plaintiff's counsel." (Emphasis added). **Speculation; no personal knowledge; inadmissible hearsay; false assertion on reply**.

                Respectfully submitted,

                */s/ Nicole Hyland*

                Nicole I. Hyland

cc:    All Counsel of Record (via ECF)

---

[3] Mr. Brann is well aware that Mizrahi Kroub's client in *Electric Bike* did not elect to "walk away empty-handed" but, instead, filed a lawsuit to enforce the settlement agreement. Yet, Mr. Brann failed to correct his false statement to this Court.