

PETER J. BRANN | Partner
pbrann@brannlaw.com
(207) 689-9731

December 1, 2022

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

      RE:    *Yensy Contreras v. TD Associates, LLC*, No. 1:21-cv-09096 (VSB)

Dear Judge Broderick:

      We represent Defendant TD Associates, LLC (TackleDirect), and submit this letter in response to the letter submitted on behalf of Plaintiff's counsel, Mizrahi Kroub, in this matter. ECF No. 49. The letter submitted on behalf of Plaintiff's counsel is an improper attempt to file a late sur-reply that evades the requirements of both the Local Rules and this Court's Individual Rules, and should be ignored entirely. We also submit this letter to correct a serious misstatement in the letter submitted behalf of Plaintiff's counsel.

      The seven-page, December 1, 2022, letter purports to raise evidentiary objections to a declaration submitted over four months ago on August 25, 2022, in conjunction with TackleDirect's fee petition, ECF No. 35, and to a supplemental declaration submitted on November 15, 2022, in conjunction with TackleDirect's reply brief on the fee petition, ECF No. 48. It is not only late, but because Plaintiff's opposition to the fee petition was already at the page limit for opposition to a motion, *see* ECF No. 42, the letter also exceeds the page limits for such opposition. Suffice it to say, no permission to file a sur-reply or overlong brief was sought.

      If this letter purports to be a letter motion, it also does not appear to meet the subject matter requirements of Local Rule 7.1(d). If it is simply a letter to the Court, it violates the three-page limit contained in this Court's Individual Rule 1(A), and it appears to violate the ECF instruction in this district not to file a letter motion, *i.e.*, a "letter making an application/request to the Court." If the Court is prepared to consider this letter on the merits, we request an opportunity to file a substantive opposition to this sur-reply.

      In addition to violating both the Local Rules and this Court's Individual Rules, the letter contains a falsehood that must be corrected. Defendant's supplemental declaration averred that



Honorable Vernon S. Broderick
December 1, 2022
Page 2

Plaintiff's counsel had informed the Court (incorrectly) in a case involving Electric Bike Technologies, Inc. that a settlement had been reached; that the Court had dismissed the case but allowed either party to move to restore the case to the docket within 30 days; that the undersigned counsel informed Plaintiff's counsel within 30 days that Electric Bike had *not* agreed to settle and would consent to the case being restored to the docket to be litigated; and that Plaintiff's counsel did nothing, allowing the case to be finally dismissed, meaning that, once again, when faced with actual litigation, "Plaintiff's counsel chose to walk away empty-handed." ECF No. 48, ¶ 29.

In the letter to this Court, counsel states: "Mr. Brann is well aware that Mizrahi Kroub's client in *Electric Bike* did not elect to 'walk away empty-handed' but, instead, filed a lawsuit to enforce the settlement agreement. Yet, Mr. Brann failed to correct his false statement to this Court." ECF No. 49 at 7 n.3. Not to put too fine a point on it, counsel is being deliberately deceitful.

At the time the supplemental declaration was filed on November 15, 2022, Plaintiff's counsel had allowed the *Electric Bike* dismissal to become final after being told there was no settlement and Electric Bike was prepared to litigate the case. *Six days later*, on November 21, 2022, Electric Bike was shocked to be served with a complaint filed not in the federal court where the settlement was purportedly reached, but rather in N.Y. Supreme Court in the Bronx, seeking to "enforce" the alleged "settlement." In other words, the statements in the supplemental declaration were true, and the suit against Electric Bike was only served *after* this Court was told that Plaintiff's counsel had chosen to walk away rather than litigate with Electric Bike.

The lawsuit to "enforce" the alleged "settlement" is telling in another, unintentional, respect, namely, Plaintiff's counsel's attempt to leverage defense costs in an inconvenient forum to extract a cost-of-defense settlement. There was no settlement. Instead, Plaintiff's counsel offered to settle with Electric Bike for $4950 *if* the settlement was confidential. Electric Bike rejected that proposal and offered instead to settle either for $4950 *if* the settlement was *not* confidential, or for $100 *if* the settlement *was* confidential. Plaintiff's counsel did not accept either counter-proposal, so black-letter law means that there was no settlement. Nevertheless, Electric Bike faces the prospect of litigating this specious claim in state court in the Bronx over a non-settlement of either $100 or $4950.

TackleDirect requests the Court either ignore the letter that violates the rules or give TackleDirect an opportunity to respond to the letter.



Honorable Vernon S. Broderick
December 1, 2022
Page 3

                                        Respectfully submitted,

                                        /s/Peter J. Brann

                                        Peter J. Brann

cc: Counsel of Record (By ECF)